FILED
CLERK
9/25/2019 2:21 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X
VINCENT ROBINETTE,

                Plaintiff,

    -against-

BANK OF AMERICA, N.A.,

                Defendant.
──────────────────────────────────────X

**MEMORANDUM & ORDER**
17-CV-6277 (JMA) (AYS)

**AZRACK, United States District Judge:**

Pro se plaintiff Vincent Robinette ("Plaintiff") commenced this action against Bank of America, N.A. (the "Defendant"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). (See Complaint, ECF No. 1.) Defendant has moved to dismiss. (ECF No. 20.) For the reasons stated below, the Court grants the Defendant's motion and dismisses Plaintiff's Complaint in its entirety.[1]

## I. BACKGROUND

The Complaint alleges in relevant part, "[o]n or about August 23rd 2017[,] the plaintiff sent a dispute of information in the Plaintiffs [sic] credit report to Bank of America to dispute information the Defendant was reporting in the Plaintiffs [sic] credit report. To date the defendant Bank of America has not responded to the dispute nor have they made any corrections to the Plaintiffs [sic] credit report." (Compl. at 1.) Plaintiff then alleges that Defendant willfully and negligently violated the FCRA by: (1) failing to follow the proper procedures upon receipt of a notice of dispute from Plaintiff, a consumer; and (2) reporting incorrect information after being notified by Plaintiff, a consumer, that the information was inaccurate. (See Compl.)

---

[1] In ruling on Defendant's motion, the Court considered the motion papers filed by Defendant on September 17, 2018, which included Defendant's opening brief, Plaintiff's opposition, and Defendant's reply. (ECF Nos. 20–22.) Given Plaintiff's pro se status, and for the avoidance of doubt, the Court also considered Plaintiff's supplemental filings from October 1, 2018, (ECF No. 23), and September 18, 2019, (ECF No. 28).

## II. DISCUSSION

### A. <u>Standard of Review</u>

The Court is mindful that when considering a motion to dismiss a <u>pro se</u> complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." <u>Triestman v. Federal Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006). However, a <u>pro se</u> plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). "[M]ere conclusions of law or unwarranted deductions need not be accepted." <u>Bobrowsky v. Yonkers Courthouse</u>, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 521 (2d Cir. 2006).

### B. <u>Plaintiff Has Failed to State a Claim under the FCRA</u>

Defendant asserts that Plaintiff's Complaint is (1) barred by res judicata; (2) barred by collateral estoppel; and (3) fails to state a claim. (<u>See</u> Def. Mem. of Law, ECF No. 20-9.) With respect to the first two arguments, Defendant assumes that the "dispute of information" Plaintiff refers to in his Complaint has to do with the default on a loan issued by Defendant and subsequent foreclosure action. (<u>See</u> <u>id.</u> at 1–2, 4–6.) However, Plaintiff does not identify the subject of the complaint he claims was sent to Defendant. Without knowing the contents of the "dispute of information" Plaintiff alleges he sent to Defendant, the Court cannot determine whether Plaintiff's

claim is precluded by res judicata or collateral estoppel.[2]

Ultimately, the subject of Plaintiff's complaint is irrelevant because Plaintiff has no private right of action for violations of the FCRA stemming from a dispute sent directly to Defendant. The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). Accordingly, the FCRA imposes several duties and obligations on entities like Defendant, known as "furnishers," "that furnish[] information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."[3] 12 C.F.R. § 1022.41(c); see 15 U.S.C. § 1681s-2 (outlining the responsibilities of furnishers of information to consumer reporting agencies).

Plaintiff contends that he sent a "dispute of information" to Defendant and Defendant failed to follow the FCRA investigation procedures or cease reporting the information. Such claims would fall under section 1681s-2(a).[4] 15 U.S.C. §§ 1681s-2(a)(1)(A)–(B), 1681s-2(a)(8)(D)–(E) (noting the duties of furnishers not to report information with errors, and outlining the investigation procedures furnishers are to follow upon receiving a notice of dispute directly from a consumer). However, "there is no private cause of action for violations of § 1681s–2(a)." Longman, 702 F.3d at 151 (collecting cases). The FCRA expressly states that section 1681s–2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); see Longman, 702 F.3d at 151 ("[T]he statute plainly restricts enforcement of that provision to federal and state authorities."). Indeed, the statute makes

---

[2] Plaintiff's failure to plead anything about the contents of his purported "dispute of information" might itself render the Complaint subject to dismissal for failure to plausibly allege a claim for relief.

[3] Defendant does not contest that it is a "furnisher" as it is defined by the FCRA regulations.

[4] Indeed, Plaintiff cites 15 U.S.C. § 1681s-2(a) in his Complaint.

3

clear that there is no private right of action for either willful or negligent noncompliance of section 1681s-2(a). See 15 U.S.C. § 1681s-2(c) (noting that civil liability under sections 1681n [willful noncompliance] and 1681o [negligent noncompliance] do not apply to violations of section 1681s-2(a)). Accordingly, Plaintiff's claims for relief based on violations of section 1681s-2(a) are dismissed.

There is a private right of action for violations of section 1681s-2(b), which requires a furnisher, "after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided . . . to a consumer reporting agency," to investigate the disputed information according to specific procedures. 15 U.S.C. § 1681s-2(b) (emphasis added). Section 1681i(a)(2) requires a consumer reporting agency that receives notice of a dispute from a consumer, to notify, within 5-business days, "any person who provided any item of information in dispute." 15 U.S.C. § 1681i(a)(2)(A). Accordingly, "[t]o state a claim under section 1681s–2(b) of the statute, a plaintiff must allege that a furnisher received notice of a credit dispute from a consumer reporting agency." Munroe v. Nationstar Mortg. LLC, 207 F. Supp. 3d 232, 238 (E.D.N.Y. 2016). Here, Plaintiff has not alleged that he informed any consumer reporting agency of inaccuracies in his credit report, much less that Defendant was notified by a consumer reporting agency of such a dispute. See 15 U.S.C. § 1681s-2(b)(1). Thus, Plaintiff fails to state a cognizable claim for a violation of section 1681s-2(b).

As Plaintiff has failed to state any claim under the FCRA, and his Complaint, even liberally construed, does not allege any other claims for relief, Defendant's motion to dismiss is granted and the Complaint is dismissed in its entirety.[5]

---

[5] The Court also denies Plaintiff's Motion for Discovery, or in the alternative Summary Judgment (ECF No. 24), and Plaintiff's Motion for Summary Judgment or Default Judgment, (ECF No. 25), filed while this Motion to Dismiss was pending.

C. **Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "a district court may deny [a pro se plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted). Here, amendment would be futile because Plaintiff cannot sustain an FCRA claim against Defendant based on the dispute notice he purportedly sent to Defendant. Moreover, Plaintiff does not allege that he sent a notice of dispute to a consumer reporting agency who then informed Defendant of such disputed information. Accordingly, leave to amend is denied.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted and Plaintiff's Complaint is dismissed in its entirety. Because amendment would be futile, leave to amend is denied.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek in forma pauperis status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff and to close this case.

**SO ORDERED.**
Dated: September 25, 2019
Central Islip, New York

                                               /s/ (JMA)
                                               JOAN M. AZRACK
                                               UNITED STATES DISTRICT JUDGE